**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**
**CASE NO. 0:26-CV-00066-DLB**

**DAVID A. MOHLER, AS ADMINISTRATOR**
**FOR THE ESTATE OF WILLIAM EDWARD MOHLER, IV**                    **PLAINTIFF**

**v.**

**CITY OF ASHLAND**                                                **DEFENDANT**

---

**MOTION TO DISMISS**

---

The Defendant, the City of Ashland (the "City"), by and through counsel, pursuant to

Civil Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves the Court to

dismiss the Complaint (R. 1) for failure to state a claim against the City upon which relief may

be granted. A Memorandum in Support and proposed Order are attached.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Olivia F. Amlung, Esq. (#97449)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
p: 859.394.6200 | f: 859.392.7200
jmando@adamsattorneys.com
oamlung@adamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Defendant, City of Ashland*

1

## **CERTIFICATE OF SERVICE**

This is to certify that on the **26th** of May, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Ned Pillersdorf, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**
**CASE NO. 0:26-CV-00066-DLB**

**DAVID A. MOHLER, AS ADMINISTRATOR**
**FOR THE ESTATE OF WILLIAM EDWARD MOHLER, IV**　　　　　　　　**PLAINTIFF**

**v.**

**CITY OF ASHLAND**　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

The Defendant, the City of Ashland (the "City"), by and through counsel, for its Memorandum in Support of its Motion to Dismiss, states as follows:

**I.    THE COMPLAINT – STATEMENT OF FACTS**

On April 29, 2025, in the parking lot of the Blackburn Avenue Baptist Church at 5250 Blackburn Avenue in Ashland, William Edward Mohler, IV ("Mohler") was in his vehiclehaving a mental health crisis. (R. 1, PageID 2 – 3 at ¶¶ 5 – 6) Unknown police officers from the City of Ashland arrived at the church and used a Lenco Bear Cat vehicle to engage Mohler. Body worn camera footage allegedly shows an Ashland officer fire a shot at Mohler, who was leaning out of a car window. Several seconds allegedly passed before officers fired a second volley of five shots into the vehicle. (R. 1, PageID 3 at ¶ 8) Mohler died as a result of the gunshots.

David A. Mohler, in his capacity as Administrator for the Estate of William Edward Mohler, IV, filed suit against the City of Ashland and unknown officers of the City's police department. Plaintiff alleges that the use of lethal force "constitutes an unreasonable, unnecessary and excessive force." (R. 1, PageID 3 at ¶ 8) Plaintiff avers that the shooting was

1

"not consistent with police practices or trainings and that the officers violated the rights of the deceased" and that the City is liable for "failure to properly train and supervise the officers in question." (R. 1, PageID 3, 4 at ¶¶ 7, 14) Plaintiff further alleges that the use of force violated the City's own rules on de-escalating volatile situations, citing a report from Scott J. Hilden which is attached as an exhibit to the Complaint. (R. 1-2 at PageID 7 – 23) Plaintiff claims that the officers' actions violated the "deceased's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution" as well as state law rights.

## II.    STANDARD OF REVIEW

In assessing a Civil Rule 12 motion, and in determining whether a Complaint states a viable claim, a court must construe the Complaint in the light most favorable to the Plaintiff, accept the factual allegations as true, and draw all reasonable inferences in Plaintiff's favor. *Borke v. Warner,* 2023 U.S. App. LEXIS 19987 (6th Cir. 2023), citing *Wesley v. Campbell*, 779 F.3rd 421 (6th Cir. 2015).

To avoid dismissal under Rule 12(b)(6), a Complaint must contain sufficient factual material that, if accepted as true, would state a claim for relief that is plausible on its face. *Akers v. Gregory Funding, LLC*, 2023 U.S. App. LEXIS 20754 (6th Cir. 2023), citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct. *Id.* Under this standard, the court may not accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action. *Id.*, citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3rd 1046 (6th Cir. 2011).

### III. PLAINTIFF FAILS TO STATE A VIABLE § 1983 *MONELL* CLAIM AGAINST THE CITY

To properly plead a *Monell* claim under a "failure-to-train" or "failure-to-supervise" theory, a plaintiff must show that the local government was aware or on notice that its training or supervision was inadequate, that policymakers chose not to correct the deficiency despite the known or obvious risk of constitutional injury, and that the deficiency actually caused the alleged violation. *City of Canton v. Harris*, 489 U.S. 378, 389–92 (1989); *Connick v. Thompson*, 563 U.S. 51, 51–52 (2011). This standard typically requires proof that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures. *Miller v. Calhoun County*, 408 F.3d 803, 815 (6th Cir. 2005). Without such notice, decisionmakers cannot be said to have deliberately chosen a training or supervisory program that would cause constitutional violations. *Connick*, 563 U.S. at 62. The same rigorous analysis applies to failure-to-supervise claims. *Mize v. Tedford*, 375 F. App'x 497, 500 (6th Cir. 2010); *Brent v. Wayne County Department of Human Services*, 901 F.3d 656, 698 (6th Cir. 2018).

Similarly, to prevail on a failure-to-supervise theory, a plaintiff must establish "deliberate indifference" by responsible officials to repeated infractions by officers, which requires "a showing of a history of widespread abuse that has been ignored by the City." *Berry v. City of Detroit*, 25 F.3d 1342, 1354 (6th Cir. 1994). Absent allegations of a pattern of similar misconduct or an identifiable history of abuse, a municipality cannot be deemed deliberately indifferent for purposes of *Monell* liability.

The Complaint at bar contains none of the factual allegations required to meet the governing standard. Plaintiff merely asserts, in conclusory fashion, that "the shooting was not consisted with police practices or training" and that the City failed to "properly maintain

3

and supervise the officers in question." (R. 1, PageID 3, 4 at ¶¶ 7, 14) Plaintiff fails to identify any specific policy, practice or custom of the City that caused the deprivation of Mohler's constitutional rights. Plaintiff likewise does not allege any specific prior instances of similar unconstitutional conduct by City police officers and does not aver any particular facts showing that City policymakers were on notice of any training, supervision or disciplinary deficiencies within its police department generally or with respect to the unidentified police officers specifically.

Moreover, a Plaintiff cannot rely on a single incident of alleged misconduct to support municipal liability. *Thomas v. City of Chattanooga,* 398 F.3rd 426, 433 (6th Cir. 2005). Nonetheless, Plaintiff relies solely on the April 29, 2025 encounter in the Blackburn Avenue Baptist Church parking lot with unnamed Ashland police officers. And, even if accepted as true, the allegation does not plausibly demonstrate a persistent, widespread practice of unconstitutional behavior or deliberate indifference by the City.

To the extent that the Complaint asserts a *Monell* claim against the City, it therefore, fails, because Plaintiff failed to plead facts identifying a specific City policy, custom or practice that caused the alleged deprivation of Mohler's constitutional rights.

## IV.   PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE VIABLE § 1983 SUPERVISORY LIABILITY CLAIM AGAINST THE CITY

Plaintiff alleges that the City failed to properly "supervise the officer(s) in question" (R. 1, PageID 4 at ¶ 14) and that the "shooting was not consistent with police practices or trainings." (R. 1, PageID 3 at ¶ 7) Under § 1983, a plaintiff "must plead that each government official Defendant, through the individual's own actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). There is no *respondeat superior* liability for supervisors under § 1983. *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021). Liability must

4

be based on the supervisor's own unconstitutional conduct, not merely his position or oversight role. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). For this reason, supervisory liability is "a misnomer," *Iqbal*, 556 U.S. at 677, and it has "sharp limits." *Crawford*, 15 F.4th at 761.

A plaintiff must allege specific, nonconclusory facts showing that the supervisor "was personally at fault" and that his actions caused the injury. *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 490 (6th Cir. 2020). Although a supervisor need not personally touch the plaintiff, mere allegations of "failure to train" or "failure to supervise" are not enough. *Peatross v. City of Memphis*, 818 F.3d 233, 241–42 (6th Cir. 2016). The Sixth Circuit requires both the supervisor's "active involvement" and a "causal connection" between that activity and the alleged constitutional deprivation. *Crawford*, 15 F.4th at 761–62. Failure to satisfy either element dooms a claim of supervisory liability. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 321 (6th Cir. 2023).

Here, the Complaint does not name any specific City police supervisor as a Defendant and contains no factual allegations describing any individual actions that violated Mohler's constitutional rights. The Complaint alleges only that the City failed "to properly maintain and supervise the officers in question" (R. 1, PageID 4 at ¶ 14) and that "the shooting was not consistent with police practices or trainings." (R. 1, PageID 3 at ¶ 7) These assertions are entirely conclusory. Plaintiff does not allege any facts showing that any City police supervisor participated in, directed, encouraged, approved, or knowingly acquiesced in the specific conduct that took place on April 29, 2025 as alleged in the Complaint. Nor does Plaintiff allege that any City police supervisor was aware of any pattern of misconduct of any unnamed police officer who was involved in the April 29, 2025 shooting, that the officer

5

disregarded known risks, or that any affirmative act on the part of the supervisor caused the alleged violation of Mohler's constitutional rights.

Because Plaintiff fails to plead facts sufficient to establish a § 1983 supervisory liability claim, any such claim must be dismissed.

## V.   PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM MUST BE DISMISSED AS DUPLICATIVE

Assuming *arguendo* that Plaintiff properly pled facts sufficient to state a viable 42 U.S.C. § 1983 claim, the Fourteenth Amendment claim must be dismissed as duplicative. In the Complaint, Plaintiff asserts claims under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution arising from the same conduct:  the alleged unlawful shooting of Mohler on April 29, 2025. To the extent that Plaintiff relies on a Fourteenth Amendment substantive due process protections, that claim must be dismissed because the conduct at issue is governed by the specific guarantee of the Fourth Amendment, not the generalized concepts of substantive due process.

The Supreme Court and the Sixth Circuit have made clear that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Burgess v. Fischer*, 735 F.3d 462, 473 (6th Cir. 2013) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Thus, where a plaintiff's claims of unlawful search, seizure, or excessive force arise under the Fourth Amendment, a separate Fourteenth Amendment substantive due process claim cannot stand. *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008); *See also Williams v. City of Paris*, Case No. 5:15-CV-108-DCR, 2016 U.S. Dist. LEXIS 59407 (E.D. Ky. May 4, 2016).

Plaintiff's claim concerning the officer involved shooting of Mohler on April 29, 2025 are all governed by the Fourth Amendment's prohibition on unreasonable searches and seizures. The Fourteenth Amendment does not provide an alternative theory of liability for the same alleged conduct. *See Burgess,* 735 F.3rd at 473.

In sum, because Plaintiff's Fourteenth Amendment claim is duplicative, it should be dismissed as a matter of law.

## VI.   THE COMPLAINT FAILS TO STATE A VIABLE EIGHTH AMENDMENT CLAIM

Plaintiff claims that the unknown City officers shooting of Mohler in the parking lot of the Blackburn Avenue Baptist Church constitutes a violation of Mohher's Eighth Amendment rights. (R. 1, PageID 4 at ¶ 12) But, the Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted prisoners. *Whitley v. Albers,* 475 U.S. 312, 318 – 319 (1986). The Complaint on its face establishes that Mohler was not a convicted prisoner. Therefore, the Eighth Amendment is inapplicable and any such claim must be dismissed.

## VII.   THE COMPLAINT FAILS TO STATE A VIABLE CLAIM FOR PUNITIVE DAMAGES AGAINST THE CITY

In the *ad damnum* section of his Complaint, Plaintiff seeks an award of punitive damages. As a matter of law, the City cannot be held liable for punitive damages on a 42 U.S.C. § 1983 claim. *Fact Concerts, Inc. v. City of Newport,* 452 U.S. 247, 260 (1981). As such, any claim for punitive damages must be dismissed.

## VIII.   CONCLUSION

For these reasons, the Defendant, the City of Ashland, KY, prays that the Complaint be dismissed pursuant to Civil Rule 12(b)(6) and for any and all other relief to which the City may appear to be entitled.

Respectfully submitted,

**/s/ Jeffrey C. Mando**
Jeffrey C. Mando, Esq. (#43548)
Olivia F. Amlung, Esq. (#97449)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
p: 859.394.6200 | f: 859.392.7200
jmando@adamsattorneys.com
oamlung@adamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Defendant, City of Ashland*

## CERTIFICATE OF SERVICE

This is to certify that on the **26th** of May, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Ned Pillersdorf, Esq.

**/s/ Jeffrey C. Mando**
Jeffrey C. Mando, Esq.

8