**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 26-66-DLB-EBA**

**DAVID A. MOHLER, AS ADMINISTRATOR FOR THE ESTATE OF WILLIAM EDWARD MOHLER, IV** **PLAINTIFF**

**v.** **ORDER**

**CITY OF ASHLAND, KY, et al.** **DEFENDANTS**

*** *** *** *** ***

This matter before the Court is Plaintiff David A. Mohler's Motion to File Amended Complaint (Doc. # 5). David A. Mohler, in his capacity as Administrator for the Estate of William Mohler, filed this action against the City of Ashland and unknown officers of the City's police department. (Doc. # 1). The complaint contained an expert excessive force report prepared by Scott J. Hilden, which it incorporate[d] by reference as the tactical basis for th[e] lawsuit. (Id. ¶ 9). Defendant, City of Ashland, filed its motion to dismiss (Doc. # 4), and Plaintiff filed his proposed amended complaint (Doc. # 5-2) fifteen days later. The amended complaint added Officer Dakota Gilkinson as a named defendant.

Pursuant to Federal Rule of Civil Procedure 15(a)(1)-(2), there are three ways a party may amend a pleading: as a matter of course, with the opposing party's written consent, or with leave of the Court. As to the first, a plaintiff may amend once as a matter of course, but must do so within 21 days after the defendant files an answer or motion under Rule 12(b). Here, the proposed amended complaint was filed on June 9, 2026, fifteen (15) days after Defendant's motion under Rule 12(b), which was submitted on May

26, 2026. Accordingly, the Court construes Plaintiff's amendment as one as a matter of course under Rule 15(a)(1)(B).

As a general matter, an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading)). See also *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot.") (collecting cases). Accordingly,

**IT IS ORDERED** as follows:

1. Plaintiff's Motion to File an Amended Complaint (Doc. # 5) is **GRANTED**. The Proposed Amended Complaint (Doc. # 5-2) shall **filed by the Clerk** as the operative pleading**.**
2. Defendant's original motion to dismiss (Doc. # 4) is **denied as moot.**

This 26th day of October, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**